**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
In re                                                        :    Chapter 11
                                                             :
NORTHERN BERKSHIRE                                           :    Case No. 11-_____ (      )
HEALTHCARE, INC.,                                            :
                                                             :
         Debtor.                                             :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
In re                                                        :    Chapter 11
                                                             :
NORTH ADAMS REGIONAL                                         :    Case No. 11-_____ (      )
HOSPITAL, INC.,                                              :
                                                             :
         Debtor.                                             :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
In re                                                        :    Chapter 11
                                                             :
VISITING NURSE ASSOCIATION &                                 :    Case No. 11-_____ (      )
HOSPICE OF NORTHERN                                          :
BERKSHIRE, INC.,                                             :
                                                             :
         Debtor.                                             :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
In re                                                        :    Chapter 11
                                                             :
NORTHERN BERKSHIRE REALTY,                                   :    Case No. 11-_____ (      )
INC.,                                                        :
                                                             :
         Debtor.                                             :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

25196675_7

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
NORTHERN BERKSHIRE                        :    Case No. 11-_____ (         )
HEALTHCARE PHYSICIANS GROUP,              :
INC.,                                     :
                                          :
         Debtor.                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MOTION FOR ORDER AUTHORIZING JOINT
ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND MLBR 1015-1**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

Northern Berkshire Healthcare, Inc. ("NBH"), North Adams Regional Hospital, Inc. ("NARH"), Visiting Nurse Association & Hospice of Northern Berkshire, Inc. ("VNA"), Northern Berkshire Realty, Inc. ("NBR"), and Northern Berkshire Healthcare Physicians Group, Inc. ("NBHPG," and, together with NBH, NARH, VNA, and NBR, the "Debtors") hereby submit this motion (the "Motion") for an order (the "Order") directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. In support of the Motion, the Debtors submit the Declaration of Christopher L. Hickey in Support of Chapter 11 Petitions and First Day Motions and Applications, sworn to on June 13, 2011 (the "Hickey Declaration"), and respectfully represent and set forth as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the

-2-

"Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 1015-1.

**Background**

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Sections 1107(a) and 1108 of the Bankruptcy Code authorize the Debtors to continue to operate their businesses and manage their properties as debtors in possession. No trustee, examiner, or creditors' committee has been appointed in the Debtors' chapter 11 cases.

3. Northern Berkshire Healthcare, Inc. is a non-profit healthcare corporation in northern Berkshire County, Massachusetts and is the sole member of the other Debtors, all of which are also non-profit corporations. The Debtors operate the North Adams Regional Hospital and a visiting nurse association and hospice in North Adams, Massachusetts. The Debtors are one of the largest employers in Berkshire County and are the largest employer in the city of North Adams, Massachusetts. The Debtors serve a population of approximately 43,000 located in and around North Adams.

4. The Debtors have initiated these chapter 11 cases to address their over-leveraged balance sheet and effect a reorganization of their operations. The Debtors expect to continue all hospital and other operations during these chapter 11 cases and to continue in their mission of providing high-quality medical care to the North Adams community.

5. Further details regarding the Debtors, their capital structure, and the events leading to these chapter 11 cases can be found in the Hickey Declaration filed contemporaneously herewith.

25196675_7

## Relief Requested

6. By the Motion, the Debtors request entry of an order directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will affect all Debtors. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these chapter 11 cases, for procedural purposes only.

7. The Debtors submit that the joint administration of their cases should be maintained under the case name and number assigned to NBH, the sole member of NARH, VNA, NBR, and NBHPG and request that the Clerk of the Court maintain one file and one docket for each of the Debtors' chapter 11 cases under that case name and number. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the chapter 11 case dockets of NARH, VNA, NBR, and NBHPG substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Northern Berkshire Healthcare, Inc., North Adams Regional Hospital, Inc., Visiting Nurse Association & Hospice of Northern Berkshire, Inc., Northern Berkshire Realty, Inc., and Northern Berkshire Healthcare Physicians Group, Inc., which have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Northern Berkshire Healthcare, Inc., Case No. 11-_____ (____), should be consulted for all matters affecting this case.

8.	The Debtors further request that the caption of these chapter 11 cases be modified as follows to reflect their joint administration under the lead chapter 11 case of NBH:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | | |
| In re : | Chapter 11 | |
| : | | |
| **NORTHERN BERKSHIRE** : | Case No. 11-_____ (      ) | |
| **HEALTHCARE, INC.**, *et al.*, : | | |
| : | (Jointly Administered) | |
| Debtors. : | | |
| : | | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

9.	Finally, the Debtors seek authority to file the Debtors' monthly operating reports on a consolidated basis if the Debtors determine, after consultation with the United States Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

**Basis For Relief Requested**

10.	Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." FED. R. BANKR. P. 1015(b).  NBH is the sole member of NARH, VNA, NBR, and NBHPG.  The Debtors, therefore, are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code.  Cf., In re Locke Mill Partners, 178 B.R. 697, 700-01 (Bankr. M.D.N.C. 1995).  Accordingly, under Bankruptcy Rule 1015(b), this Court has the authority to grant the requested relief.  MLBR 1015-1(c) provides that "[i]f a motion for joint administration of debtors . . . is filed at the same time as the filing of the petitions commencing the cases

-5-

proposed to be jointly administered, the motion for joint administration shall be treated as an emergency motion and shall be allowed effective upon filing, subject to reconsideration[.]" MLBR 1015-1(c).

11. Joint administration of the Debtors' respective estates will ease the administrative burden on this Court and all parties in interest in these chapter 11 cases. The benefits of joint administration of the chapter 11 cases come with no prejudice to creditors and other parties in interest of any of the Debtors, as joint administration is purely procedural and will not affect the substantive rights of any party in interest.

12. Joint administration of these chapter 11 cases also will permit the Clerk of this Court to use a single docket for all the cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. As there likely will be numerous motions, applications, and other pleadings filed in these chapter 11 cases that will affect all the Debtors, joint administration will (a) significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize unnecessary delays. Joint administration also will permit counsel for the various parties in interest to include each Debtor's chapter 11 case in a single caption for the documents that are likely to be filed and served in these chapter 11 cases and will enable parties-in-interest (including the United States Trustee) in each of the chapter 11 cases to stay apprised of all the various related matters before this Court.

13. The entry of joint administration orders in multiple related cases such as these is common in this district. See, e.g., In re Oscient Pharm. Corp., Case No. 09-16576 (HJB) (Bankr. D. Mass. July 14, 2009) [Docket No. 20]; In re Iron Age Corp., Case No. 07-40217 (Bankr. D. Mass. 2007) [Docket No. 17]; In re Syratech Corp., Case No. 05-11062 (Bankr. D.

25196675_7

Mass. 2005) [Docket No. 58]; In re Plymouth Rubber Co., Inc., Case No. 05-16088 (Bankr. D. Mass. 2005) [Docket No. 40].

14.     Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in the Motion should be granted.

## **Notice**[1]

15.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.  The Debtors served notice of the Motion on: (i) the Office of the United States Trustee for the District of Massachusetts; (ii) the creditors holding the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iii) MDFA; (iv) BONY; (v) counsel to Wells Fargo; (vi) counsel to U.S. Bank; (vii) counsel to Nuveen; and (viii) counsel to ACA.  In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## **No Prior Request**

16.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

---

[1] Capitalized terms used but not defined in this Notice section shall have the meanings given in the Hickey Declaration.

25196675_7

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached to the Motion as <u>Exhibit A</u>: (i) directing the joint administration of the Debtors' chapter 11 cases and consolidating them for procedural purposes only pursuant to Bankruptcy Rule 1015(b); and (ii) granting such other and further relief as is just and proper.

Dated: Boston, Massachusetts
June 13, 2011

Respectfully submitted,

<u>/s/ Steven T. Hoort</u>
Steven T. Hoort (BBO No. 239380)
James A. Wright III (BBO No. 671822)
Jonathan B. Lackow (BBO No. 670060)
Matthew F. Burrows (BBO No. 677016)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050

E-mail:
   steven.hoort@ropesgray.com
   james.wright@ropesgray.com
   jonathan.lackow@ropesgray.com
   matthew.burrows@ropesgray.com

PROPOSED COUNSEL TO THE DEBTORS